DAYTON WRIGHT AIRPLANE CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 5680.

Circuit Court of Appeals, Sixth Circuit.

Nov. 11, 1931.

Hayner N. Larson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and De Witt M. Evans, all of Washington, D. C., on the brief), for respondent.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The question in this case is whether two corporations, affiliated for 1919 within the meaning of section 240 of the Revenue Act of 1918 (40 Stat. 1081), were entitled to have their income and profit taxes computed upon the basis of a consolidated net income and invested capital. Each of them was organized after August 1, 1914, was not a successor to a then existing business, and 50 per centum or more of its gross income consisted of gains, profits, commissions, or other income derived from a government contract or contracts made between April 6, 1917, and November 11, 1918. Each, therefore, was what is commonly known as a "war contractor" as distinguished from a "peace industry." The Board of Tax Appeals held that each was required to file a separate return, and assessed a deficiency tax against the petitioner, the Dayton Wright Airplane Company, in the amount of $860,086.71, from which this proceeding is an appeal.

Prior to 1918, taxpayers were generally required to file individual returns, though in the latter part of 1917 an administrative regulation permitted consolidated returns when there was unity of ownership or interest. The Revenue Act of 1918 provided for the filing of consolidated returns by affiliated corporations. Section 240 (a) of that act is as follows: "Corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return: Provided, That there shall be taken out of such consolidated net income and invested capital, the net income and invested capital of any such affiliated corporation organized after August 1, 1914, and not successor to a then existing business, 50 per centum or more of whose gross income consists of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive. In

Newton D. Baker, of Cleveland, Ohio, and W. W. Spalding, of Washington, D. C. (Murray Smith, of Dayton, Ohio, and Mason, Spalding & McAtee, of Washington, D. C., on the brief), for petitioner.

such case the corporation so taken out shall be separately assessed on the basis of its own invested capital and net income and the remainder of such affiliated group shall be assessed on the basis of the remaining consolidated invested capital and net income."

■ The first part of this section preceding the proviso plainly indicates an intention to require all affiliated corporations, whether "war contractors" or "peace industries," to file consolidated returns. Following this general provision, the act declares by way of proviso that there shall be taken out of the consolidated net income and invested capital of any affiliated group the net income and invested capital of any "affiliated corporation" coming within the statutory definition of war contractors. It seems clear to us that the sole purpose of this part of the proviso is to separate the war contractor from any affiliated group in which there is a peace industry. It is obvious, too, that to effect this purpose, where there is more than one war contractor in the affiliation, the term "affiliated corporation" must be construed as implying the plural as well as the singular. USCA, title 1, § 1; Lewis' Sutherland Statutory Construction (2d Ed.) art. 347. There is accordingly thus far in the proviso no indication of an intention to restrict otherwise than indicated the general requirement in the first part of the statute, and hence no purpose to forbid war contractors from affiliating with each other. The question then is whether the concluding sentence, "In such case the corporation so taken out shall be separately assessed on the basis of its own invested capital and net income and the remainder of such affiliated group shall be assessed on the basis of the remaining consolidated invested capital and net income," means that two war contractors affiliated with each other, but not with a peace industry, are to be separately assessed as between themselves.

■ We think it doubtful that the proviso has any application whatever to the affiliation involved in this case, for, so far as it undertakes to provide a method of assessing war contractors, it relates exclusively to those which have been affiliated with, and withdrawn from, a group in which there is a peace industry. It may thus be fairly said that the proviso does not cover a group consisting of war contractors alone, and hence petitioner's rights are fixed by the unqualified requirement in the first part of the act. We do not, however, base our decision upon that ground, but consider the question from the other point of view. In doing so, it is to be remembered that, in giving effect to the purpose of the first part of the proviso, "affiliated corporation" as used therein is to be given a plural interpretation, where there is more than one war contractor in an affiliated group consisting of both classes. It is apparent, also, for the same reason, that in similar circumstances a like plural meaning should be given "corporation" and its consequent "Its" as used in the concluding sentence. The result is that in such case the first part of this sentence is to be construed as if it read, "In such case the corporations so taken out shall be separately assessed on the basis of their own invested capital and net income." The question turns, therefore, on the phrase, "separately assessed."

To separate means to disjoin, and to assess separately means to assess separately from something else. Whether that something else in relation to which the term is here used is the corporate unit or a corporate class must depend on the subject-matter dealt with in the preceding part of the act. We think the proviso deals with two classes of corporations, those taken out of the affiliated group, the war corporations, and those remaining, the peace industries. So, when it says that the former are to be assessed separately, it means, it seems to us, separately from the group from which they have been disjoined, leaving to them, as to the remainder in the group, the right to affiliate among themselves.

■ The Commissioner contends that this view of the statute conflicts with the legislative intent as disclosed in the statement made by Mr. Kitchen, a member of the conference committee of the house, when the bill was put on its final passage in that body. While it is true that statements of this character may be accepted as evidence of legislative intent where the meaning of the act is otherwise obscure (Duplex Co. v. Deering, 254 U. S. 443, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196), we do not regard the statement of Mr. Kitchen, when considered in relation to the situation that he had in mind, as requiring an interpretation different from that at which we have arrived. It seems clear from his statement, as indeed from the act itself, that what Congress had in mind was the practice among established peace industries, widely indulged in, of organizing subsidiary corporations to obtain war contracts. It was understood, of course, that there might be large profits on the war contracts, and that affiliation for taxing purposes between the two classes of industries would lessen the tax liability against

such profits. In our opinion, it was the purpose of the proviso of this act to prevent the lessening of this tax liability by requiring the war contractor to compute its taxable earnings on the basis of the capital invested in the war work and not on the basis of a consolidation with a peace industry not engaged in war work. The reasons underlying legislation effecting that result cannot be said to exist as between affiliated corporations organized as war contractors and operated as a single unit. To permit such companies to file a return on the basis of the consolidated capital devoted to war contracts and the joint net earnings therefrom is consistent with reasonable taxing principles, and, in our view is not only not forbidden, but is required, by the statute.

The order of the Board of Tax Appeals is reversed, and the cause remanded for proceedings consistent with this opinion.